UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYRONE JEFFERSON,

                                   Plaintiff,

                    -against-

INSTITUTE FOR COMMUNITY LIVING;
JUDY RUDEN; GORDON LEWIS; CAMEAL
LOW DAVID; GORDON LUISIS,

                                   Defendants.

1:23-CV-4056 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Tyrone Jefferson, who is appearing *pro se*, filed this action invoking the court's

federal question jurisdiction.[1] He sues: (1) the Institute for Community Living, Inc. ("ICL");

(2) "Judy Ruden," or rather, Jody Rudin, the President and Chief Executive Officer of ICL;

(3) Gordon Lewis; (4) Cameal Low David; and (5) Gordon Luisis.[2] By order dated May 17,

2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without

prepayment of fees. For the reasons set forth in this order, the Court dismisses the action.

### STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

---

        [1] Plaintiff filed his original complaint in the United States District Court for the Eastern
District of New York. By order date May 1, 2023, that court transferred this action to this court.
On June 20, 2023, Plaintiff filed an amended complaint; it is the operative pleading for this
action. (ECF 7.) On June 29, 2023, he filed a letter. (ECF 8.) On July 21, 2023, he filed an
application for the Court to request *pro bono* counsel and another letter. (ECF 9 & 10.) The
Court construes Plaintiff's letters as supplements to his amended complaint.

        [2] Plaintiff alleges that Defendant Rudin is located at an ICL location in New York, New
York, and that the other individual defendants are located at ICL locations in Queens County,
New York. (ECF 7, at 4-5.)

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

In Plaintiff's amended complaint, which is difficult to understand, Plaintiff invokes the court's federal question jurisdiction, and asserts that the federal constitutional or statutory bases for his claims are "unconstitutional psychological [torture] p[h]ysical abuse[.] I need protection against the Mafia ICL, Suprem[e] Team that took advantage of my mental illness who is drug deals 'Young, Jamie Blak,' who took my check pack[a]ges [*sic*]." (ECF 7, at 2.) He also alleges that the events that are the bases for his claims occurred on August 14, 2022, in Hollis, Queens County, New York. Plaintiff further alleges that:

> Mr. Kalill who was my counselor I was telling for two years that the drug dealer's next door fallowed stalked me exstort me, and even put drug's in my hand when I was disoriented taking medicine over worked tiered took advantage of me they came with guns to shoot me, Mr Kalill said he that his supervisor was going to do something about it. Just hold on he was telling me, and just abanded me left the program Gordon was his supervisor who he was telling this that was supposed to help me, and a lot more things like this happened they're working togather hard to mess me up. I need a federal lawer to help me I need to court to get me one to stick and stay, also to call the news stations on ICL, and the drug deals who tried to even kill the cop next door and get my money. The drug dealer's tried to shoot Chris, and Jamie Blak ask me what did Chris say about him. I ask him told him he did not say anything about you, and he said he better not I'll get him, Chris don't know this, Young who is a Narcissit drug dealer keep threatin me I'm going to half to protect myself they never had a 9:00 to 5:00 job they lie steal cheat scam the govement he is a know none sence kind of guy his fried is Pappy Massion young don't like cop's or respect them. [*sic*]

(ECF 7, at 5-6.)

> Plaintiff asserts, in the first supplement to his amended complaint, that:

> [ICL] I need protection against the Mafia they're harboring criminals that abused me pyschologicaly tortured unconstitutional treatment the board of directors are aware, and all the big supervisor's at 125 Broad street NY know what's going on I told Davide Camnitzer he turned a blind eye like the rest of them, because the chain of command do not work, and they talk about a Holocaust when they're promoting the abuse like the QA lady Maria P who I spoke to on Feb 22, 2023 That's the same person that I told when Cameal low David and Daryl More jumped me here at the same address she could not find nothing that Cameal did wrong, they was doing this to clients for years, and getting away with it, also the last roommate was of Caribeean decent like her he broke all the rules, and got

away with it too she discriminated against me nothing was done about that, also members of a violent drug gang came here with guns that was bullying stalking me my counselor Mr Kalil Smickl promise me for two years that his supervisor was going to do some thing about it August 14, 2022 Said he'll be right back he abandoned me, one of the guys is a narcissist Young he is about 6.5 Feet tall muscular he stole my identity my mail personal belongings, the other one is Jamie Blake both of them are drug dealers who are 5% Presenters, and both of them never had a nine to five job, the police station can't find the report number I can't get a police report to get him arrested they tried to kill cops, they're a lot more things that happened they're using organize crime. [*sic*]

(ECF 8.)

In his second supplement to his amended complaint, Plaintiff also asserts that:

[ICL] need to up hold the law like they're supposed to do Instead of horboring crooks criminals that abused me other clients that's kept in the dark, also they'd put me in dept, and in a bad situations set me up to fail, and other clients that's kep in the dark side of ICL that know one knows about they're staff members who do know what's going on every one turn a blind eye (Rewind 2018) Young 9136 193rd Street Hollis Queens NY 11423 #3 He is a Narcissist when we was In good relations, I told him how the director of IC Cameal low David attack me, and he said that she's like me an enforcer for the Mafia I get people out of houses for them, he stole my Identity mail personal belongings the list go's on "However", we know longer get along with each other they put drugs in my hand when they saw me over worked tiered when COVID-19 Hit New York City I am a CERT MEMBER I volunteered for NYPD, FDNY, Office of Emergency Management I took an oath, Jamie Blake, Young took advantage of me took all my stimulus money extorted pulled guns on me I told my counselor Mr Kalill Smickl promise me his supervisor was going to do some thing about it for two years August 14, 2021 He got me to sign the monthly meeting sheet, then told me he'll be right he go an Important call, That's when a bunch of them was out side read to rump on me drug dealers they all was up to no good. [*sic*]

(ECF 10.)

Plaintiff further alleges, in his amended complaint, that he suffered a "Black eye swollen wrist busted head they tried to break me. [*sic*]" (ECF 7, at 6.) He seeks as relief "My belongings closes that Cameal through away 1,000 collone melondy clemonds stole pain, and suffering life set backs tromatized medication what they let the drug dealer's steel extort me out of with guns violence. All of this cause me to go in dept. [*sic*]" (*Id.*)

4

## DISCUSSION

Because Plaintiff seems to assert that the defendants violated his federal constitutional rights and rights under state law, the Court construes Plaintiff's amended complaint and supplements as asserting claims of federal constitutional violations under 42 U.S.C. § 1983, as well as claims under state law.

### A.      Claims under 42 U.S.C. § 1983

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983. To state a claim upon which relief can be granted under that statute, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). "The traditional definition of acting under color of state law requires that the defendant . . . exercise[] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (internal quotation marks and citation omitted). "Because the United States Constitution regulates only the Government, not private parties, [with respect to a claim brought under Section 1983,] a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted). Private parties generally are not state actors, and therefore are not usually liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

Plaintiff asserts claims against ICL, a private organization, and against private individuals who appear to be officers, employees, and/or clients of that private organization. He does not allege any facts that show that any of the defendants were acting under color of state law when

they allegedly injured him. Thus, none of the defendants appear to have been state actors when they allegedly injured him. The Court therefore dismisses Plaintiff's claims under Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Claims under state law**

A district court may decline to exercise supplemental jurisdiction of claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction. . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims under federal law of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any claims under state law that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C.      Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**CONCLUSION**

The Court dismisses this action. The Court dismisses Plaintiff's claims under federal law for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The

Court also declines to consider, under its supplemental jurisdiction, Plaintiff's claims under state law. *See* 28 U.S.C. § 1367(c)(3).

The Court further denies Plaintiff's application for the Court to request *pro bono* counsel as moot. (ECF 9.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment for this action.

SO ORDERED.

Dated:   August 7, 2023
         New York, New York

            /s/ Laura Taylor Swain
              LAURA TAYLOR SWAIN
            Chief United States District Judge